## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                   **Case No. 09-20088-01-JWL**

**Michael Guerrero,**

        **Defendant.**

### <u>MEMORANDUM & ORDER</u>

In January 2010, defendant Michael Guerrero entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine.  He was sentenced to 235 months imprisonment.  Defendant is presently incarcerated at USP Leavenworth and his projected release date is March 31, 2026.

This matter is now before the court on defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) (doc. 40).  Before turning to the merits of defendant's motion, the court addresses one procedural issue. After receiving defendant's motion, the court issued an order directing the government to file a response to the motion. The response deadline passed and the government did not file a response to the motion or otherwise contact the court about the motion. The court then issued a show cause order requiring the government to show good cause why it had not responded to defendant's motion as ordered by the court. The government filed a timely response to the court's order in which it asserts that counsel missed the deadline due to illness (though there is no indication that counsel's illness was incapacitating or serious in any way) and limited support staff over the holidays.  The government's response does not establish good cause

and the court will consider the merits of defendant's motion without reference to the government's response.  *See Putnam v. Morris*, 833 F.2d 903, 905 (10th Cir. 1987) (inadvertence or mistake of counsel usually does not suffice to establish good cause).

The Tenth Circuit has endorsed a three-step test for district courts to utilize in connection with motions filed under § 3582(c)(1)(A).  *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, a court may reduce a sentence if the defendant administratively exhausts his or her claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a).  *Id.*  A court may deny compassionate-release motions when any of the three prerequisites is lacking and need not address the others. *Id.* at 1043.  But when a district court grants a motion for compassionate release, it must address all three steps.  *Id.*  As will be explained, defendant has not come forward with extraordinary and compelling reasons sufficient to warrant a reduction in his sentence.  The court, then, declines to address the other prerequisites.

In his motion, defendant seeks a sentence reduction to time served based on two primary grounds—his health conditions (and the associated increased risk of severe illness and complications from COVID-19) and an urgent need to care for his three minor children.  The court begins with defendant's argument that his health conditions place him at severe risk of complications from COVID-19.  Defendant asserts, and his medical records support, that he suffers from hypertension, obesity, hyperlipidemia, and a vulnerability to cardiac issues such as heart attack and stroke.  But the record also reflects that defendant was infected with COVID-19

2

in September 2020 and has since been vaccinated against COVID-19, having received his second dose of the Moderna vaccine in April 2021.  As will be explained, these two factors change the analysis of defendant's risk.

The medical records reveal that defendant, in September 2020, tested positive for COVID-19 but there is no indication that defendant has any lingering effects from the infection, that he had any specific symptoms during that infection, or that he required any medical treatment for that infection.  The fact that defendant has already contracted and recovered from COVID-19 cuts against his argument that compassionate release is warranted. *See United States v. Lee*, 849 Fed. Appx. 601, 602 (7th Cir. 2021) (district court did not abuse discretion in denying motion for compassionate release where, among other things, the defendant had recovered from an asymptomatic COVID-19 infection such that health complications from COVID-19 were unlikely); *United States v. Mackety*, 2021 WL 2345764, at *2 (6th Cir. June 8, 2021) (same); *United States v. Hays*, 2021 WL 3280729, at *3 (D. Or. July 30, 2021) (denying motion for compassionate release because defendant had already contracted and recovered from COVID-19); *United States v. Funez*, 2021 WL 168447, at *3 (D. Colo. Jan. 19, 2021) (finding it significant that the defendant had already contracted COVID-19 and recovered without incident). Defendant's concerns about COVID-19, then, do not rise to the level of "extraordinary and compelling" circumstances sufficient to justify compassionate release.  *See United States v. Birdsong*, 2020 WL 7316101, at *5 (D. Kan. Dec. 11, 2020) ("While the Court is sympathetic to Birdsong's concerns, generalized concerns about COVID-19, even when the virus has spread within a correctional facility, do not create the type of extraordinary and compelling circumstances sufficient to justify compassionate release.").

3

Moreover, an overwhelming majority of district courts to consider the issue have found that vaccination against COVID-19 "changes the calculus on the 'extraordinary and compelling reasons' inquiry when defendants claim that their medical conditions place them at an increased risk for severe illness from COVID-19." *United States v. Barnette*, 2021 WL 2805376, at *4 (D. Kan. July 6, 2021) (collecting cases). Defendant's vaccination against COVID-19 significantly reduces the risk that he will experience a severe complication or death from another COVID-19 infection. While the record does not reflect that defendant has yet been offered a booster shot, the court cannot conclude on this record that defendant's health conditions present an extraordinary and compelling reason warranting release, particularly because the virus has been circulating so widely that defendant's chances of contracting COVID-19 are likely the same whether he is in custody or out of custody. *United States v. Fierro*, 2022 WL 489829, at *2-3 (D. Nev. Feb. 17, 2022) (even though record did not reflect that defendant had received booster shot, health conditions did not constitute extraordinary and compelling reasons for release where defendant had already had asymptomatic COVID-19 infection, two doses of Moderna vaccine, and his risk was likely the same in or out of custody); *United States v. Rossi*, 2022 WL 395001 at *3 (D. Nev. February 9, 2022) ("the current phase of the pandemic is one in which the virus is circulating so widely that [Defendant] cannot reasonably expect to avoid coming into contact with COVID-19 outside of custody"); *United States v. Jaber*, 2022 WL 35434, at *3 (S.D.N.Y. Jan. 4, 2022) (even though Omicron more resistant to vaccines, studies show that Omicron causes less serious infection in most vaccinated people and, given speed of Omicron spread through unincarcerated population, court could not say with confidence that defendant would be safer outside of custody).

The court turns, then, to defendant's motion as it relates to his family situation.  As explained by defendant, his wife has been taken into federal custody and is facing a drug conspiracy indictment in El Paso, Texas.  In light of the absence of defendant's wife from the family home, defendant's two oldest children, who are 21 years old and 20 years old respectively, are having to parent defendant's four minor children and are struggling to do so effectively. Defendant asserts that his 17-year-old son has recently been placed in a juvenile correctional facility following allegations of drug distribution.  Defendant, then, emphasizes the urgent need for stronger supervision in the family home.  But the family situation described by defendant is not remotely akin to the family circumstances described as extraordinary and compelling by the Sentencing Commission or recognized by other courts in granting compassionate release. Defendant does not suggest that any of his family members need medical care or are ailing in any respect.  In an analogous case, another court recently denied a request for compassionate release based in part on the hardship the defendant's family had suffered as a result of his incarceration:

> It is not unusual for defendants' families to bear the burden of incarceration, as [defendant] describes of his family. At the time he committed the instant offense, he had three minor children—then ages four, seven, and nine, the oldest two of whom resided with him. While his mother described him as an "attentive father," he nevertheless participated in and managed a large-scale drug smuggling conspiracy at the same time. . . . It is commendable that his family's wellbeing is forefront in his mind and that it may deter him from future criminal conduct. However, their welfare was an insufficient deterrent at the time of the instant offense, and it is not the Court's obligation to lessen the burden that [defendant] placed on them in the first place.

*United States v. Williamson*, 2021 WL 861352, at *3 (M.D.N.C. Mar. 8, 2021).  Other courts have reached similar conclusions.  *See United States v. Christie*, 2020 WL 3969962 (S.D.N.Y July 14, 2020) (denying compassionate release despite the defendant's argument that his release would

help relieve his family's financial burden); *United States v. Gileno*, 448 F. Supp. 3d 183 (D. Conn. Mar. 19, 2020) (denying compassionate release to defendant whose family suffered financial constraints since the pandemic).  Similarly, the court here understands defendant's desire to supervise his minor children.  But his concerns for his children did not deter him from engaging in the conspiracy for which he is incarcerated and do not differentiate defendant from the vast majority of other defendants with children and families.  On this record, the court cannot find that defendant's family circumstances amount to an extraordinary and compelling reason to reduce his sentence. *See United States v. Whalen*, 2020 WL 3802714, at *8 (D. Me. July 7, 2020) (the defendant's desire to be with her children, without any underlying health issues relevant to COVID-19, did not justify compassionate release); *United States v. Scott*, 461 F. Supp. 3d 851, 863–64 (E.D. Wis. 2020) (while the defendant "would no doubt like to spend time with" family members, "that is also likely true of most prisoners" and defendant did not establish that his situation was extraordinary).

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A) (doc. 40) is denied.

**IT IS SO ORDERED.**

Dated this 22nd day of February, 2022, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge

6