IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                         Case No. 09-20088-01-JWL

**Michael Guerrero,**

      **Defendant.**

## MEMORANDUM & ORDER

In January 2010, defendant Michael Guerrero entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine. He was sentenced to 235 months imprisonment. The court recently denied defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A). This matter is now before the court on defendant's motion for leave to appeal in formal pauperis, motion to withdraw as retained counsel and motion to appoint counsel to represent defendant in his appeal (doc. 52).

Despite the fact that defendant recently retained counsel for his § 3582(c) motion, he was at one time determined to be financially unable to retain counsel. Thus, pursuant to Fed. R. App. 24(a)(3), he is entitled to proceed IFP on appeal unless the court certifies that the appeal is not taken in good faith or that defendant is not otherwise entitled to proceed IFP. Fed. R. App. P. 24(a)(3); 28 U.S.C. § 1915(a)(3) ("An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."); *Coppedge v. United States,* 369 U.S. 438, 445 (1962) ("good faith" in the context of 28 U.S.C. § 1915(a)(3) is demonstrated when the defendant "seeks appellate review of any issue not frivolous," under an objective standard);

*McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 812 (10th Cir. 1997) (IFP request on appeal requires demonstration of "the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal). Defendant has not identified any issues for appeal. The court's own review of the issues raised in defendant's § 3582(c) motion reveals that any appeal would be frivolous. The court, then, certifies that the appeal is not taken in good faith and the motion to proceed in forma pauperis is denied.

The court also denies defendant's motion for appointment of counsel to appeal the court's § 3582(c) decision. There is no constitutional right to counsel beyond the direct appeal of a conviction. *Swazo v. Wyo. Dep't of Corrs.*, 23 F.3d 332, 333 (10th Cir. 1994); *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). When exercising its "broad discretion" to decide whether to appoint counsel to an indigent litigant, the district court "should consider a variety of factors, including the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims." *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991) (considering appointment of counsel for indigents under 28 U.S.C. § 1915). None of these factors weigh in favor of appointing counsel to defendant. As described above, defendant has not identified any issues that he seeks to appeal and the court discerns no non-frivolous issues in this case.

Finally, the court denies retained counsel's motion to withdraw from the case based on his noncompliance with D. Kan. Rule 83.5.5(a), which sets forth the requirements for an attorney seeking to withdraw.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for leave to appeal in formal pauperis, motion to withdraw as retained counsel and motion to appoint counsel to represent defendant in his appeal (doc. 52) is denied without prejudice to refiling a motion to withdraw that complies with D. Kan. Rule 83.5.5(a).

**IT IS SO ORDERED.**

Dated this 9th day of March, 2022, at Kansas City, Kansas.

*s/ John W. Lungstrum*
John W. Lungstrum
United States District Judge