IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

        **Plaintiff,**

**v.**                                                **Case No. 09-20088-01-JWL**

**Michael Guerrero,**

        **Defendant.**

## MEMORANDUM & ORDER

In January 2010, defendant Michael Guerrero entered a plea of guilty to conspiracy to distribute and possess with intent to distribute more than 50 grams of methamphetamine. He was sentenced to 235 months imprisonment. In February 2022, the court denied defendant's motion to reduce sentence under 18 U.S.C. § 3582(c)(1)(A). Defendant filed a timely notice of appeal with respect to that order. Two months later, defendant has now filed a motion for reconsideration of the court's order denying his § 3582(c)(1)(A) motion. As will be explained, the motion is dismissed.

The government argues that defendant's previously filed notice of appeal divests the court of jurisdiction to resolve the subsequent motion for reconsideration. The court agrees. Under the Federal Rules, a district court can proceed to resolve some matters simultaneously with the appellate court's consideration of an appeal. *United States v. Madrid*, 633 F.3d 1222, 1226 (10th Cir. 2011). For example, Federal Rule of Appellate Procedure 4(b)(5) gives the district court concurrent jurisdiction to correct a sentence under Federal Rule of Criminal Procedure 35(a). *See id*. The Appellate Rules also specify certain motions that toll the time to file a notice of appeal,

and the effect of a notice of appeal is suspended while such a motion is under consideration by the district court. *Id*. (citing Fed. R. App. P. 4(a)(4)(B)(i) (civil appeals); *id*. 4(b)(3)(B) (criminal appeals); *id*. advisory committee's note, 1993 Amendment ("A notice [of appeal] filed before the filing of one of the specified motions or after the filing of a motion but before disposition of the motion is, in effect, suspended until the motion is disposed of, whereupon, the previously filed notice effectively places jurisdiction in the court of appeals.")). In addition, "appellate courts have carved out further exceptions to the general rule that allow district courts to address certain matters when judicial efficiency is thereby enhanced." *Id.* District courts "may act in aid of the court of appeals' exercise of its jurisdiction," and may address "matters that are not comprehended within the appeal." *Id*. at 1226-27 (citations omitted); *see also Burns v. Buford*, 448 Fed. Appx. 844, 847 (10th Cir. 2011) ("A district court may, in line with *Madrid* and related cases, act in aid of an appeal—for example, by resolving a collateral matter—but it may not vacate the order that is the basis for the appeal.").

None of these exceptions permits the court, after the filing of a notice of appeal, to reconsider its order denying defendant's motion for compassionate release. Under Federal Rule of Criminal Procedure 37, "[i]f a timely motion is made for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the court may: (1) defer considering the motion; (2) deny the motion; or (3) state either that it would grant the motion if the court of appeals remands for that purpose or that the motion raises a substantial issue." Fed. R. Crim. P. 37(a). This rule, however, does not apply because defendant's motion to reconsider was not timely filed in the first instance. *See United States v. Warren*, 22 F.4th 917 (10th Cir. 2022) (14-day time limit to file motions for reconsideration in criminal proceedings).

Finally, to the extent defendant indicates in his motion for reconsideration that he alternatively seeks permission to file a motion under 18 U.S.C. § 3582(c)(2) or a new motion under § 3582(c)(1)(A) based on new or modified circumstances or medical conditions, permission is not required from the court and this memorandum and order will not preclude those filings.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion for reconsideration (doc. 61) is dismissed for lack of jurisdiction.

**IT IS SO ORDERED.**

Dated this __28th__ day of June, 2022, at Kansas City, Kansas.

 s/ John W. Lungstrum
John W. Lungstrum
United States District Judge